# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RICK WILES,

        **Plaintiff,**

vs.                          **No. CIV 03-473 LCS/LAM**

CITY OF ARTESIA; MAYOR DANIEL RAYES;
ARTESIA CITY COUNCIL MEMBERS, MANUEL
MADRID, JUDY GONZALEZ STEWART, ANTONIO
TORREZ, JIMMY C. LARA, PHILLIP BURCH,
ROYCE PEARSON, JAMES B. BOYSE, and
GEORGE E. HOLMES, in their official capacities;
and RAY MOUNTS, in his personal capacity as
Artesia Public Safety Director,

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion for Partial Summary Judgment (Doc. 33), filed January 16, 2004 and Defendants' Motion for Summary Judgment on Plaintiff's Equal Protection, Race Discrimination and First Amendment Claims (Doc. 46), filed on March 15, 2004. The Court, acting upon consent and designation pursuant to 28 U.S.C. § 636 and having reviewed the Motions and considered the submissions of counsel, relevant authorities, and being otherwise fully advised, finds that these Motions should be **GRANTED IN PART**.

## I.    Background

This case arises out of the demotion of Plaintiff from First Lieutenant to Second Lieutenant of the Artesia City Fire Department. (Compl. at ¶ 21.) The following facts are set forth in the light most favorable to Plaintiff, the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health and Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

At the time of Wiles' demotion from First Lieutenant to Second Lieutenant, Wiles had been a long time classified employee of the City of Artesia Department of Public Safety. On January 3, 2003 a memorandum was distributed to Artesia Fire Department personnel regarding certain personnel changes, including the demotion of Plaintiff from First Lieutenant to Second Lieutenant, which changes were to take effect on January 6, 2003. (Def. Ex. A.) On the morning of January 6, 2003, Mr. Wiles was given a copy of this letter outlining preliminary disciplinary action and the reasons therefor. Mr. Wiles was given an opportunity to respond. (Id.)

The incidents leading to the preliminary disciplinary action against Mr. Wiles were based on incidents involving damage to the Fire Department dormitory area caused by the shooting of a BB gun, as well as other horseplay with weapons by persons allegedly under the supervision of Mr. Wiles. (Id.) A second incident involved a person being supervised by Mr. Wiles sleeping through an emergency call. (Id.)

Following a criminal investigation into the above-mentioned matters, Ray Mounts, Artesia Public Safety Director, recommended that Mr. Wiles be demoted to the position of Firefighter IV Tech with a corresponding reduction in pay. (Id.) Bill Thalman, Artesia Human Resources Director, outlined these terms in a letter to Mr. Wiles dated February 4, 2003. (Def's Ex. 3.) A pre-demotion hearing was also scheduled and took place on February 18, 2003. (Def. Ex. A.)

At this hearing Plaintiff was present with his witness, Manny Marquez. Bill Thalman and Captain Kent Bratcher were also in attendance. (Id.) Mr. Wiles was allowed to offer explanations and present witnesses in mitigation of the proposed disciplinary action. (Id.) On February 21, 2003, Bill Thalman provided Mr. Wiles with written notice of the final decision upholding the proposed disciplinary action. (Def. Ex. 5.) This notice also outlined Mr. Wiles's

right of appeal provided pursuant to the City of Artesia Personnel Ordinance No. 615. (Def. Ex. 6.)

Mr. Wiles exercised his right of appeal by letter dated February 24, 2003. (Def. Ex. 7.) A hearing took place on March 13, 2003 before a quorum of the City Counsel of the City of Artesia. (Def. Ex. 10.) Plaintiff was represented at this hearing by counsel, Mr. Robert Beauvais. (Id.) On March 18, 2003, a majority of the City Council voted to demote Mr. Wiles to the position of Second Lieutenant. (Def. Ex. 11.)

## II.  Standard

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." FED. R. CIV P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact." *Id*. When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms*, 165 F.3d at 1326.

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323

(1986).  Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter.  *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

### III.    Analysis

### a.    Violation of a Liberty Interest

Before I consider the issues under review on Defendants' two Motions for Summary Judgment, I must discuss Plaintiff's claim for violation of a Liberty Interest on which Defendants have not moved for Summary Judgment.  Plaintiff stated this claim as follows:

> The acts of the Defendants to impose disciplinary sanctions based on the evidence that was arbitrary and substantially harmed Wiles' reputation and potential for advancement in his chosen profession in violation of his protected liberty interest in his employment protected by the First Amendment.  (Compl. ¶ 43.)

Defendants, following the Motion hearing held on May 4, 2004, argued that, although they had not specifically addressed Plaintiff's claim of a liberty interest violation in their Motions, this Court should nonetheless grant summary judgment on Plaintiff's claim.  Defendants arguments fall into two categories.

Defendants first argue that Plaintiff should be bound by the stipulations contained in the Initial Pretrial Report (Doc. 17), in which no separate liberty interest claim is articulated.  In support of this argument, Defendants point to FED R. CIV. PRO. 16(e) which states,

> After any conference held pursuant to this rule, an order shall be entered reciting the action taken.  This order shall control the subsequent course of the action unless modified by a subsequent order.  The order following a final pretrial conference shall be modified only to prevent manifest injustice.

Regardless of Plaintiff's failure to raise the liberty interest claim in the Initial Pretrial

Report, the liberty interest claim has not been subsumed by the IPTR. Plaintiff has not moved, nor has the Court allowed, amendment to the Pleadings as required by FED. R. CIV. PRO. 15(a). Furthermore, Defendants have not moved for dismissal of Plaintiff's claim for failure to prosecute as allowed under FED. R. CIV. PRO. 41(b). Finally, FED. R. CIV. PRO. 56(e) provides in part,

> The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Because Defendants did not move for summary judgment on Plaintiff's liberty interest claim, Plaintiff was not on notice of the need to provide additional affidavits or other evidence with respect to that claim. Therefore, it would be manifestly unjust for this Court to grant summary judgment on a claim for which Plaintiff has not had a full opportunity to respond.

Defendants also point to case law indicating that Plaintiff's liberty interest claim must be dismissed because he has failed to establish that he was denied an adequate name-clearing hearing as required by *Garcia v. State of New Mexico Office of the Treasurer*, 959 F.Supp. 1426 (D.N.M. 1997). While *Garcia* does indicate that Plaintiff must show he was not provided with an adequate name-clearing hearing in order to make a claim for violation of a liberty interest, Defendants have not moved for summary judgment on Plaintiff's liberty interest claim. As noted above, it is impossible to determine whether Plaintiff would have provided evidence sufficient to withstand summary judgment on the liberty interest claim had Plaintiff been given notice that Defendants were moving for summary judgment on that claim. Because Defendants have failed to move for summary judgment on the issue of the liberty interest claim, this issue will not be considered by

this Court.

### b. Defendants' Motion for Partial Summary Judgment

Because the Court has before it Defendants' two motions for Summary Judgment, I will first address the issues raised in Defendants' Motion for Partial Summary Judgment (Doc. 33), filed January 16, 2004. In this Motion, Defendants discuss Plaintiff's claims to a property interest in his employment as well as Plaintiff's claims for violation of procedural and substantive due process. Defendants also offer a number of defenses to Plaintiff's allegations. I will address each of these contentions in turn before turning to Defendants' second motion for summary judgment.

### Plaintiff's Failure to Exhaust State Remedies

Defendants first argue that, because Plaintiff did not appeal the City Council's decision to the state district court, his procedural due process claim is precluded from being heard by this Court. In support of this proposition, Defendants cite *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). Defendants' reliance on this authority is misplaced. *Zinermon* does state that the constitutional violation actionable under § 1983 is not complete unless and until the State fails to provide due process. *Id.* However, the Supreme Court did not, as Defendants suggest, go on to say that Plaintiff must exhaust his remedies in state court before bringing an action in federal court under § 1983. *Id.* Furthermore, the law of this Circuit is clear in holding that a Plaintiff need not exhaust state administrative remedies before filing suit in federal court under § 1983. *See Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 519 (10th Cir. 1998)(quoting *Patsy v. Board of Regents*, 457 U.S. 496, 516 (1982)). Therefore, Defendants' argument that Plaintiff's failure to exhaust his remedies in state court precludes his § 1983 claim for violation of due process must be rejected.

**Quasi-Judicial Immunity for Artesia City Council Members**

Defendants next argue that the members of the Artesia City Council are entitled to quasi-judicial immunity. Traditionally, administrative officials have been afforded absolute quasi-judicial immunity when performing functions analogous to those of judges and prosecutors. *Butz v. Economou*, 438 U.S. 478 (1982). Absolute quasi-judicial immunity is to be granted in those situations where, 1) the officials' functions are similar to those involved in the judicial process, 2) the officials' actions are likely to result in damages lawsuits by disappointed parties, and 3) there are sufficient safeguards in the regulatory framework to control unconstitutional conduct. *Id.* These requirements are satisfied in the present case. At the agency hearing, the functions of the Defendant City Council Members were clearly similar to those involved in the judicial process. The actions of the City Council Members did in fact result in a suit for damages and injunctive relief by the Plaintiff. I find that there were sufficient safeguards in the regulatory framework, including the possibility of an appeal of the City Council's decision in state court, to control any potential unconstitutional conduct by Defendants.

Further, Plaintiff's counsel, Robert Beauvais, at a Telephonic Motion Hearing held before this Court on May 4, 2004, admitted that the City Council members were entitled to quasi-judicial immunity in their individual capacities. As such, this Court finds that Artesia City Council Members Manuel Madrid, Judy Gonzalez Stewart, Antonio Torrez, Jimmy C. Lara, Phillip Burch, Royce Pearson, James B. Boyse, and George E. Holmes are entitled to quasi-judicial immunity insofar as they are sued in their individual capacities.

**Procedural Due Process Claim**

Defendants next seek summary judgment on Plaintiff's claim that he was not afforded

procedural due process because the demotion procedures used created an unreasonable risk of bias. (Compl. ¶¶ 25-26, 35-37.) Defendants' Motion on this claim must be granted. It is undisputed that Plaintiff was afforded both pre-demotion and post-demotion hearings. The due process requirements for a pre-demotion hearing have been set out by both the Supreme Court and the Tenth Circuit. *West v. Grand County*, 967 F.2d 362, 366 (10th Cir. 1992)(citing *Cleveland Board of Educ. v. Loudermill*, 470 U.S. 532 (1985); *Powell v. Mikulecky*, 891 F.2d 1454 (10th Cir. 1989)).

The standards for a pre-demotion hearing are not stringent because of the expectation that a more formal post-demotion hearing will remedy any resulting deficiencies. *Loudermill*, 470 U.S. at 545. All that is required for the Plaintiff is notice and an opportunity to respond. *Id.* Pre-demotion warnings, an opportunity for face-to-face meeting with supervisors, and a conversation between an employee and his supervisor immediately prior to demotion have been found sufficient in the Tenth Circuit to satisfy constitutional requirements. *West*, 967 F.2d at 367; *Powell*, 891 F.2d at 1459)). In the case before me, it is apparent that Plaintiff was given notice in the form of several letters as well as a pre-demotion hearing which took place on February 18, 2003 and at which Plaintiff was represented by his attorney, Robert Beauvais. (Def. Ex. 1-5.) It is clear therefore, that the pre-demotion proceedings afforded Plaintiff were constitutionally adequate and did not involve a violation of his rights to procedural due process.

Turning to the process afforded Plaintiff following his demotion, Plaintiff's main complaint is apparently that there was an impermissible risk of bias in the hearing afforded. Plaintiff is correct that impartiality of the tribunal is an essential element of due process. *Withrow v. Larkin*, 421 U.S. 35, 46-47 (1975). A substantial showing of personal bias is required to disqualify a

tribunal in order to obtain a finding that a hearing is unfair. *Corstvet v. Boger*, 757 F.2d 223, 229 (10th Cir. 1985). A complaint containing only "conclusory allegations of bias, without alleging factual support" is insufficient to make this showing. *Tonkovich*, 159 F.3d at 520.

Defendants have pointed to procedures provided Plaintiff that would tend to satisfy procedural due process. (Def. Ex. 1-10.) The burden therefore shifts to Plaintiff to provide evidence to the contrary. *See Celotex v. Catrett*, 477 U.S. 317, 322-323 (1986). While the Due Process Clause affords Plaintiff a hearing before an impartial tribunal, he has pointed to no law that procedural due process includes a right to professional hearing officers or hearing officers not employed by the government body or agency taking the adverse action. *Id*. Therefore, Plaintiff's contention that use of the elected City Council to sit in judgment of charges brought by the Director of Public Safety created an impermissible risk of bias is not, without more, sufficient to make a showing that Plaintiff did not receive procedural due process protections.

Plaintiff's contention that the City Council Members' violation of Ordinance No. 615 violated his rights to procedural due process must also be rejected. Because Defendants have met their burden with respect to *Celotex*, it is Plaintiff's burden to provide evidence, which raises an issue for trial, that there was a violation of the Ordinance and that this violated Plaintiff's right to procedural due process. Although Plaintiff points to section 2.40.125 of Ordinance No. 615 in an effort to show the City Council Members violated the Ordinance, Plaintiff has failed to provide the Court with that section of the record. (Pl. Ex. 1.) Even assuming the record did demonstrate a violation of the Ordinance, this violation would still not rise to the level of a constitutional violation. As discussed, a substantial showing of personal bias is required to obtain a finding that a hearing is unfair. *Corstvet*, 757 F.2d at 229. Although Plaintiff alleges that voting procedures

contained in the City Ordinance were not followed, he has failed to make a showing of bias on the part of the City Counsel members sufficient for this Court to find his right to procedural due process was violated. Therefore, Defendants' motion for summary judgment with respect to Plaintiff's procedural due process claims must be **GRANTED**.

### Plaintiff's Demotion prior to Hearing implicated no Significant Property Interest

Defendants further argue that Plaintiff's demotion with no loss of pay prior to a demotion hearing implicated no significant property interest. The Court agrees with Defendants' contention on this matter. Because Defendants apparently do not dispute that Plaintiff had a property interest in his employment, for purposes of discussion, I will assume that Plaintiff did possess such an interest. It is undisputed that, once a property interest is found to exist, due process procedures are required to protect that interest. *Bailey v. Kirk*, 777 F.2d 567, 575 (10th Cir. 1985). Due process requires some kind of a hearing prior to the discharge or demotion of an employee with a constitutionally protected property interest in his employment. *Loudermill*, 470 U.S. at 542.

It is clear from the record that Plaintiff received a pre-demotion hearing on February 18, 2003. According to the *Loudermill* analysis, the pre-demotion hearing should act as a determination of whether there are reasonable grounds to believe that the charges are true and that they support the proposed action. *Id.* at 545-546. Because I have already found that Plaintiff was afforded procedural due process at both the pre- and post-demotion hearings, I find that Plaintiff's initial demotion from First to Second Lieutenant with no loss of pay implicated no significant property interest.

### Substantive Due Process Claim

Defendants next contend that Plaintiff's claim for violation of his right to substantive due process is without merit. In order to succeed on a claim for violation of substantive due process, the Plaintiff must establish either a protected property or liberty interest in the position he has lost and that the government actions in question were arbitrary and capricious. *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1198 (10th Cir. 2000).

Assuming Plaintiff can establish a property interest in his employment as First Lieutenant, he must still establish that the deprivation of that interest by Defendants was arbitrary and capricious. *Clinger v. New Mexico Highlands Univ. Bd. of Regents*, 215 F.3d 1162, 1167 (10th Cir. 2000). The Supreme Court has emphasized that only the most egregious official conduct will qualify as arbitrary in the constitutional sense. *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998). The substantive component of the Due Process Clause is violated by executive action only when that action can properly be characterized as arbitrary and capricious or "conscience shocking" by constitutional standards. *Collins v. Harker Heights*, 503 U.S. 115, 128 (1992).

The conduct alleged by Plaintiff in this case does not rise to the level of being arbitrary and capricious or 'conscience shocking' to the extent that the Plaintiff's substantive due process rights were violated. Plaintiff has failed to make a showing that the City's actions in this case were sufficiently arbitrary to amount to a violation of substantive due process rights. Accordingly, Defendants' motion for summary judgment on the issue of substantive due process should be **GRANTED**.

### Qualified Immunity for Defendants Reyes and Mounts

Finally Defendants, in their first Motion for Summary Judgment, argue that Defendants Reyes and Mounts are entitled to qualified immunity. Government officials will be shielded from

11

suit if the officials' conduct did not violate clearly established rights of which a reasonable official would have known. *Hammons v. Saffle*, 348 F.3d 1250, 1257 (10th Cir. 2003)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Even if an individual can establish a general right, he must still show that this right was in fact violated in order to overcome the defense of qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

Plaintiff argues that Defendants Reyes and Mounts are not entitled to qualified immunity because he had a protected property interest in his employment and that this interest was violated by Reyes and Mounts because they violated his right to procedural due process. Even assuming that Plaintiff can establish a property interest in his employment as First Lieutenant, I have already found that Plaintiff's right to procedural due process was not violated. Therefore, Reyes and Mounts did not violate clearly established rights of which a reasonable official would have known. Following the procedure outlined in *Saucier*, I find that Defendants Reyes and Mounts are entitled to qualified immunity.

c.      **Defendants' Motion for Summary Judgment on Plaintiff's Claims for Equal Protection, Race Discrimination and First Amendment Retaliation**

The Court will now address the three claims dealt with in Defendants' second Motion for Summary Judgment, filed March 15, 2004 (Doc. 46), namely that Plaintiff cannot support an Equal Protection claim, that Plaintiff cannot support a claim for Race Discrimination, and that Plaintiff cannot support a claim for retaliation under the First Amendment.

**Equal Protection Claim**

Plaintiff claims that Defendants violated his right to equal protection under the Fourteenth Amendment because persons within the Fire Department who were similarly situated were not

disciplined when they committed identical or similar violations to those allegedly committed by Plaintiff. (Compl. ¶¶ 47-51.) This claim appears to be distinct from Plaintiff's claim of race discrimination. As such, I will treat the two claims separately.

Plaintiff's evidence that he received disparate treatment by the Defendants seems to lie solely within two affidavits. Plaintiff offers his own affidavit and that of firefighter Brian Beasley. (Pl. Ex. C, D.) The Equal Protection Clause of the Fourteenth Amendment is triggered when the government treats one person differently from another who is similarly situated. *Garcia v. State of New Mexico*, 959 F.Supp. 1426, 1432 (D.N.M. 1997)(quoting *Buckley Construction Inc. v. Shawnee Civic & Cultural Development Auth.*, 933 F.2d 853, 859 (10th Cir. 1991)).

Plaintiff has the responsibility of alleging facts sufficient to establish that he is similarly situated to other members of the Fire Department who were not similarly disciplined. *See Tonkovich*, 159 F.3d at 532. As mentioned *supra*, Plaintiff presents two affidavits in support of his equal protection claim. To survive summary judgment, the nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient. *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995)(quoting *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991)). The two affidavits presented to show dissimilar treatment are merely conclusory in that they do not provide any factual basis for the inference that Plaintiff was treated differently.

Plaintiff's own affidavit alleges that two Hispanic lieutenants committed similar infractions and were not disciplined. (Pl. Ex. C, ¶¶ 7,8.) Brian Beasley's affidavit alleges that a Hispanic lieutenant missed a call and was not disciplined and that there were 'hard feelings' in the department that Wiles had been disciplined while a Hispanic lieutenant had not. (Pl. Ex. D, ¶¶ 9,

11.)  However, neither affidavit sets forth evidence tending to show that the incidents for which Wiles was disciplined were in fact similar to those for which other lieutenants were not disciplined.  Furthermore, while both affidavits allege that a Hispanic lieutenant was not disciplined for acts similar to those of Wiles, neither put forth evidence to show that the Hispanic lieutenant and the Plaintiff were in fact similarly situated.   When a motion for summary judgment is made, the adverse party's response must set forth specific facts showing that there is a genuine issue for trial.  FED R. CIV. PRO. 56(e).  Because the Plaintiff has not set forth facts showing a genuine issue for trial, he has failed to make out a case for an equal protection violation and Defendants' motion for summary judgment on this issue must be **GRANTED**.

### Race Discrimination Claim

With regard to Plaintiff's race discrimination claim Plaintiff's Complaint sets forth that he is a white male and not in a protected class.  (Compl. ¶ 66.)  To prevail on a claim of reverse discrimination, Plaintiff must establish background circumstances supporting the inference that his employer is the unusual employer who discriminated against the majority.  *Notari v. Denver Water Dep't*, 971 F.2d 585, 589 (10th Cir. 1992).  The Tenth Circuit has emphasized that it is not sufficient, under the *Notari* formulation, for a plaintiff merely to allege that he was qualified and that someone with different characteristics was the beneficiary of the challenged employment decision.  *Id*. at 590.  In order to prevail, a plaintiff must present direct evidence of discrimination or indirect evidence sufficient to support a reasonable probability that, but for the plaintiff's status, the challenged employment decision would have favored the plaintiff.  *Id.*

Defendants have set forth a legitimate explanation for Plaintiff's demotion, namely that Plaintiff failed to properly supervise his subordinates, thereby satisfying their burden under

*Celotex*.  (Def. Ex. A.)  In response, Plaintiff has put forth minimal evidence to support his claims of race discrimination which, I find, do not rise to the level of a prima facie case of reverse discrimination as outlined by the Tenth Circuit.  Plaintiff has attached his own affidavit to his response as well as that of Brian Beasley, both of which indicate that several Hispanic members of the Fire Department committed similar infractions to those for which Plaintiff was disciplined and that those individuals were not disciplined.  (Pl. Ex. C, D.)  As mentioned above, neither affidavit sets forth facts tending to show that the Hispanic lieutenants and Plaintiff were in fact similarly situated or that the infractions allegedly committed by the Hispanic members of the Department would carry a similar penalty to that imposed on Plaintiff.  Therefore, I find these affidavits to be conclusory and without factual bases.  *See Murray*, 45 F.3d at 1422.  Because Plaintiff has not presented sufficient evidence to make out a prima facie case of race discrimination, Defendants' motion for summary judgment on this issue must be **GRANTED**.

### Retaliation in Violation of the First Amendment

Plaintiff further claims that he was demoted from First Lieutenant to Second Lieutenant in retaliation for supporting union and collective bargaining activities of lower-ranked members of the Artesia Fire Department.  (Compl. ¶¶ 55-59.)  Wiles alleges that the disciplinary action taken was in retaliation for this speech and that this action was taken close in time to the exercise of his First Amendment rights.  (Id.)  As mentioned *supra*, Defendants have proffered legitimate reasons for Plaintiff's demotion, thereby satisfying their *Celotex* burden.  (Def. Ex. A.)  Plaintiff has failed to show that genuine issues of material fact exist indicating his demotion was retaliatory in violation of the First Amendment.  As such, Defendants' Motion for Summary Judgment on the issue of retaliation is **GRANTED**.

The Supreme Court has recognized the need to balance the interest of a public employee in commenting on matters of public concern and the interest of the State, as employer, in promoting the efficiency of the public services it performs. *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968). In any retaliation case, the threshold inquiry is whether the speech at issue involved a matter of public concern. *Connick v. Meyers*, 461 U.S. 138, 146-147 (1983).

Even assuming that Plaintiff's alleged speech in this case did involve matters of public concern, Plaintiff must allege more to make out a violation of his First Amendment rights. *See Gardetto v. Mason*, 100 F.3d 803, 812 (10th Cir. 1996)("matters of public concern are those which can 'be fairly considered as relating to any matter of political, social, or other concern to the community"). In order to demonstrate retaliation for speech, Plaintiff must show that the protected speech was a substantial factor or a motivating factor in the adverse employment decision. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). Although Plaintiff's Complaint alleges that the Mayor and certain members of the City Council held a personal animosity towards him because he supported the rights of subordinate employees to unionize and bargain collectively, (Compl. ¶ 29) Plaintiff has offered no specific facts tending to support this contention.

Plaintiff also raises the issue of temporal proximity between his speech and his demotion. I must consider therefore whether his demotion, standing alone, is sufficient to establish retaliation. The Tenth Circuit has held, in termination cases, that the date of adverse employment action is key to this inquiry because the closer the adverse action occurred to the protected activity, the more likely that the adverse action alone will support a showing of causation. *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999). Thus, a retaliatory

16

motive may be inferred when an adverse action closely follows a protected activity. *Chavez v. City of Arvada*, 88 F.3d 861, 866 (10th Cir. 1996.) Unless the termination, or other adverse employment action is very closely connected in time to the protected activity, the plaintiff must rely on additional evidence beyond temporal proximity to establish causation. *Conner v. Schnuck Markets, Inc.* 121 F.3d 1390, 1395 (10th Cir. 1997).

Not only has Plaintiff made no showing that his speech was a substantial factor in his demotion, he has failed to establish temporal proximity between his speech and the alleged retaliation. Plaintiff has provided the Court with no dates of the speech or activity that allegedly brought about his demotion. In my view, Plaintiff has not raised a genuine issue of material fact as to whether he was discharged because of the speech at issue. As such, summary judgment on the issue of retaliation in violation of the First Amendment is appropriate and shall be **GRANTED**.

IV. **Conclusion**

Upon review of the evidence presented in these Motions for Summary Judgment, the Court has determined Defendants are entitled to judgment as a matter of law on Plaintiff's Procedural Due Process claim, his Equal Protection claim, his Race Discrimination claim, his Substantive Due Process claim, and his First Amendment Retaliation claim. Accordingly, Defendants' Motions for Summary Judgment on these claims shall be **GRANTED**.

I discern that there is, therefore, one issue left for trial, namely Plaintiff's claim for violation of a Liberty Interest (Compl. at ¶ 43). Defendant City of Artesia did not move for nor meet its burden in connection with this claim. Thus, summary judgment on this claim, to the extent it was requested, is hereby **DENIED**.

**IT IS SO ORDERED.**

**A SUMMARY JUDGMENT CONSISTENT WITH THIS OPINION SHALL**

**ISSUE.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**